UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

TIMOTHY PARDEE,

        Plaintiff,                Case No. 1:13-cv-575

v.                                       Honorable Janet T. Neff

UNKNOWN FRAKES et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Heffelbower, Lauer, Lockhart and Russell. The Court will serve the complaint against Defendants Frakes and Gilkil.

**Discussion**

I.        Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw Correctional Facility, though the actions about which he complains occurred while he was housed at the Richard A. Handlon Correctional Facility (MTU). Plaintiff sues MDOC Grievance Specialist Sean Lockhart and the following MTU employees: Corrections Officer (unknown) Frakes; Grievance Coordinator Cathie Heffelbower; Assistant Resident Unit Supervisor (ARUS) (unknown) Gilkil; Resident Unit Manager (unknown) Lauer; and Hearing Administrator Richard Russell.

On May 8, 2012, Plaintiff advised Defendant Frakes that his cell-mate was giving him problems because he was a homosexual. Frakes responded, "Too bad[.] Go fight it out[.]" (Compl., docket #1, Page ID#5.) Frakes refused to move Plaintiff to another cell. For the next three days, Plaintiff's cell-mate repeatedly and antagonistically expressed his desire to have Plaintiff removed from the cell. The cell-mate continually provoked Plaintiff and expressed a desire to fight Plaintiff, which Plaintiff refused. Plaintiff told every available staff member that he was in danger, including Defendant Gilkil. No action was taken. On May 10, 2012, while he was heavily sedated by his medication, Plaintiff was attacked and repeatedly stabbed by his cell-mate, resulting in serious injuries. Plaintiff was placed in segregation for two weeks, and he was issued a Notice of Intent to Conduct an Administrative Hearing.

Plaintiff filed a grievance on May 13, 2012, but he received no response. A week later, Plaintiff filed a second grievance, and Defendant Lauer told him that it was being processed. During this time, Plaintiff was placed in a mental health observation cell, due to the psychological

problems he was experiencing as the result of the attack. Shortly thereafter, Plaintiff was transferred to another prison facility.

On August 3, 2012, Plaintiff filed another grievance against Defendant Frakes. His grievance was denied on August 14, 2012, by Defendant Heffelbower. That same date, Defendant Lauer approved Heffelbower's denial of the grievance. Plaintiff filed a Step II grievance appeal on September 12, 2012, in which he represented that he had made prior unsuccessful attempts to file an appeal and had been transferred to another prison, both of which interfered with the timeliness of the appeal.

In the interim, on September 2, 2012, Assistant Warden Stoddard denied his grievance as untimely, untrue, and based on the false assumption that Frakes had the authority to approve a cell change. Plaintiff filed an appeal to Step III, explaining both that corrections officers ordinarily recommended cell changes and that Plaintiff had also directly asked Defendant Gilkil, the ARUS responsible for making cell changes, to make the change. Defendant Lockhart denied Plaintiff's Step III appeal on February 28, 2013. Defendant Russell upheld the grievance denial on February 28, 2013.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To the extent that Plaintiff claims he was deprived of procedural due process when his grievances were improperly processed or resolved by Defendants Heffelbower, Lauer, Lockart and Russell, he fails to state a claim. Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due

process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

Moreover, Defendants Heffelbower, Lauer, Lockhart and Russell cannot be held liable solely because they denied Plaintiff's grievances or failed to take action against their subordinates, Frakes and Gilkil. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has failed to allege that Defendants Heffelbower, Lauer, Lockhart and Russell engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Plaintiff's allegations against Defendants Frakes and Gilkil are sufficient to warrant service of the complaint.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Heffelbower, Lauer, Lockhart and Russell will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Frakes and Gilkil.

An Order consistent with this Opinion will be entered.


Dated: September 12, 2013 /s/ Janet T. Neff
Janet T. Neff
United States District Judge