UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY PARDEE,

    Plaintiff,                                    Case No. 1:13-cv-575

v                                                      HON. JANET T. NEFF

JUSTIN FRAKES, et al.,

    Defendants.
_____/

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging, in pertinent part, that Defendants Justin Frakes and Gerald Gilkie violated his Eighth Amendment rights. Defendants Frakes and Gilkie filed a "Motion for Summary Judgment Based Solely on a Failure to Exhaust Administrative Remedies" (Dkt 14), and the matter was referred to the Magistrate Judge. The Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 20), to which Defendants filed a response (Dkt 25), and Plaintiff filed a reply (Dkt 26).[1] In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and

---

[1]This Court's local rules make provision only for filing a response to another party's objections, *see* W.D. Mich. LCivR 72.3(b), and Plaintiff did not seek leave to file his reply to Defendants' response; however, this Court will nonetheless consider Plaintiff's reply in determining whether to approve and adopt the Report and Recommendation as the Opinion of the Court.

1

Recommendation to which objections have been made. Plaintiff has also since filed a Motion for Appointment of Counsel (Dkt 21), which Defendants oppose (Dkt 24). For the following reasons, the Court denies the objections, denies the motion, and issues this Opinion and Order.

In support of their motion for summary judgment, Defendants submitted evidence that Plaintiff pursued only one grievance through all three steps of the prison grievance process and that the grievance was denied as untimely at all three steps because Plaintiff had not filed the grievance until August 3, 2012, i.e., almost three months after the May 8, 2012 incident in question (Defs.' Br., Dkt 15, Exs. B-D). Plaintiff did not file a response to Defendants' motion. In the Report and Recommendation, the Magistrate Judge concludes that Defendants "satisfied their burden to establish that Plaintiff failed to properly exhaust his claims against them" (R&R, Dkt 17 at 5-6).

In his objections to the Report and Recommendation, Plaintiff first asserts his disagreement with prior decisions of the Court (Objs., Dkt 20 at 1-2), assertions that are not relevant to the inquiry at hand. In response to the Magistrate Judge's exhaustion analysis, Plaintiff argues that there was a valid reason for the untimeliness of his August 3, 2012 grievance, to wit: "I was transfer[red] twice" (*id.* at 3).

However, Defendants point out in response that the facts do not support Plaintiff's argument. According to Defendants, Plaintiff was transferred on June 8, 2012, one month after the May 8, 2012 incident (Defs.' Resp., Dkt 25 at 1-2). Defendants opine that Plaintiff had "adequate time to follow the MDOC's grievance procedure before his transfer" (*id.* at 2).

In his reply to Defendants' response, Plaintiff highlights two additional facts: (1) that he filed grievances on May 13, 2012 and May 20, 2012; and (2) that he was "on observation for some time" before his transfer and "was put on observation again for some time" after his transfer (Pl.'s Reply,

Dkt 26 at 1). Neither of these facts alters the Magistrate Judge's conclusion that Defendants satisfied their burden to establish that Plaintiff failed to properly exhaust his claims against them. Plaintiff's references to a May 13, 2012 and a May 20, 2012 grievance cannot serve to exhaust Plaintiff's claims where, as the Magistrate Judge pointed out, Plaintiff has not specified "against whom these two grievances were filed or describe[d] the nature of the issue(s) grieved" (R&R, Dkt 17 at 2). Conversely, Plaintiff's concession that he filed two grievances during May 2012 ameliorates his assertion that either his transfer or observations prevented him from timely filing a grievance about the May 8, 2012 incident in question.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this Opinion and Order resolves the last pending claim in this case, the Court will deny Plaintiff's motion for appointment of counsel as moot. *See also Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (appointment of counsel not justified where the Court finds the pro se litigant's complaint fails to state a claim or the chances of success are extremely slim); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (appointment of counsel "a futile act" where complaint suffers from fatal jurisdictional defects). This Court will also enter a Judgment. *See* FED. R. CIV. P. 58. This action was filed *in forma pauperis*, and this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of the Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 20) are DENIED, and the Report and Recommendation (Dkt 17) is APPROVED and ADOPTED as the Opinion of the Court.

3

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 14) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Dkt 21) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Dated: September 19, 2014         /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge